Bullard, J.
The appellee has moved to dismiss the appeal in this case on the ground that it is not taken by the defendants, but by the garnishee alone ; the petition of appeal not having been signed either by the defendants, their attorney in fact, or advocate.
It ’appears that the petition was in the name both of the defendants and the garnishee, but was signed only by the counsel for the garnishee. The Judge regarded it as the petition of both, and granted the appeal upon the appellants’ giving bond, and the bond was given both by the Bank and the garnishee. The omission of the signature of the counsel for the Bank, being a mere matter of form was allowed to be supplied in this court. All the essential, substantial forms have been complied with, by obtaining the order of the Judge, and giving the bond required by law.* If the counsel omitted to sign the petition, it was not so much the fault of the appellants as to justify our dismissing the appeal; but such an irregularity was properly allowed to be corrected according to the 19th section of the act of March, 1839, amendatory of the Code of Practice. The motion is, therefore, overruled.
Upon the merits, the appellants have made, and rely upon the following points;
1st. That the bond for the attachment was not given for a sufficient amount; that $8000 was claimed in the petition; that the interest then due amounted according to the judgment to $1200, and that one-half over the amount thus claimed was $10,800, and the bond was only for $10,000.
2d. That there was in the proceedings carried on, and in which the judgment was rendered, no existing bond. Two attachments were sued out, the first, on which the bond was given, having been voluntarily abandoned by the plaintiff before the second was obtained, and the liability of the surety on the bond *229 fixed under that attachment. That the bond applies only to that attachment, eo nomine.
3d. That there never was any legal service of citation in either of the attachments. One was posted at the door of the clerk’s office, and the other at the door of the Sheriff’s office.
4th. That no property was attached by the Sheriff; and lastly, that no attorney was appointed by the court to represent the defendants in the attachment, in which the proceedings were had, and the judgment rendered; the attorney first appointed not being. authorized to act in relation to the second attachment.
It is so well settled that in attachment cases, the forms of the law must be strictly adhered to, that it is hardly necessary to repeat it. The law provides as a condition precedent upon which alone a writ of attachment can issue, that the plaintiff shall give bond with security upon which the defendant can recover the damages sustained by him, if it should turn out that the attachment issued improperly. In the present case the only bond given recites that an attachment had issued on the day it bears date, to wit, the 5th of February; the writ was issued on the same day. The bond refers to that attachment and no other. The surety was liable for any damages sustained in consequence of the improper issuing of the writ of that date.
On the 26th of May, following, the plaintiff’s agent made a new affidavit, setting forth the indebtedness and residence abroad of the defendants, and states further, “ that the attachment already issued in this case has not been served or levied according to law, and that the same is void. He, therefore, prays that another writ of attachment may issue.” The clerk of the court to whom this affidavit appears to have been presented, orders a new attachment in these words, “a sufficient showing having been made, and the bond filed being considered satisfactory, it is, therefore, ordered that a writ of attachment issue according to law.” The writ accordingly issued, and was served. The attorney who had been appointed under the original attachment, without any new appointment, put in an answer, in November, 1842, in which he denies all the allegations in the petition, and avers, that the defendants are not in court either by service of citation, or by pro *230 perty attached; and the defendants further allege a general assignment of all their property to trustees or assignees, for the benefit of their creditors.
Bemiss and Amonett, for the plaintiff.
A. Pierse, for the defendants, appellants.
.Stacy and Sparrow, for the garnishee, appellant.
It is clear, that the surety on the bond is liable for the illegal attachment of the 5th of February. When that proceeding was abandoned, and a new writ taken out, his liability could not be revived without his consent. The bond had done its office, and no longer existed except in relation to damages sustained in the suing out of the first writ. If the surety were sued for damages alleged to have been sustained under the writ of attachment issued on the 26th of May, which was executed by seizing the effects of the defendants, he might reply successfully, that he never consented to any such proceeding; that his liability had already attached on his bond by the abandonment of the first, and that he could not be rendered liable twice on the same bond.
But even if this were doubtful, it is quite clear that the bond was not of sufficient amount. The sum demanded was $6000, with interest at five per cent, from the 22d of March, 1839, until due on the 1st of March, 1840, and at twelve and a half per cent afterwards. When the petition was filed on the 5th of March, 1842, there was according to the allegation in the petition upwards of $7000, and the bond is not for a sum exceeding that by one-half. Code of Pract. art. 245. 17 La. 437.
This view of the case .renders it unnecessary to pronouce upon the other allege ! nullities in the proceedings.
It is, therefore, ordered and adjudged, that the judgment of the District Court be reversed ; and it is further decreed, that the attachment be set aside, and the suit dismissed, with costs in both courts, to be paid by the plaintiff and appellee.

 The bond was drawn up in the names of the defendants and the garnishee, but it was signed by the surety and the garnishee only.